(No. 33151.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* IRA G. BROWN, Plaintiff in Error.

*Opinion filed September 23, 1954.*

Ray E. Lane, of Chicago, for plaintiff in error.

Latham Castle, Attorney General, of Springfield, and John Gutknecht, State's Attorney, of Chicago, (John T. Gallagher, Rudolph L. Janega, Arthur F. Manning, and Roman Stachnik, all of Chicago, of counsel,) for the People.

Mr. Justice Fulton delivered the opinion of the court:

The plaintiff in error was tried before a jury in the county court of Cook County for violating section 24 of the Medical Practice Act (Ill. Rev. Stat. 1949, chap. 91, par. 16i,) and was sentenced on each of five counts of the information to a term of six months in jail, with sentences to run concurrently, and was also fined $200 on each count. He appealed directly to this court where the cause was transferred to the Appellate Court, First District, on the ground that no constitutional qustion was presented. (415 Ill. 626.) In the Appellate Court his conviction was affirmed. Plaintiff in error now seeks by writ of error to reverse the judgment of the Appellate Court and seeks a review of his conviction in this court.

Section 24 of the Medical Practice Act prohibits the treatment of physical ailments for profit without a license and prescribes penalties for such misdemeanors. The information filed in the county court charged the plaintiff in error with treating human ailments without a valid license issued by the State of Illinois. In the five counts contained in the information it was charged that the plaintiff in error did "diagnosticate the supposed ailment of one Frances

Dickerson * . * * as a misplaced vertebra;" that he prescribed an X-ray picture and unlawfully treated Frances Dickerson by manipulating and applying pressure to her spine and back with his hands with the intention of receiving a fee; that he unlawfully attached the title of "Chiropractor" to his name on the window of his office, and that he unlawfully maintained an office for examination and treatment of persons "afflicted and supposed to be afflicted with an ailment."

The facts show that Frances Dickerson, an investigator of the Department of Registration and Education of the State of Illinois, called at the offices of the defendant. On the office door, among other names, appeared that of the defendant "Ira A. Brown, Palmer Chiropractor." After she spent a short time in the waiting room, the plaintiff in error took her into his office in the rear of the building where he asked the witness what ailed her. She told plaintiff in error that she had suffered a pain between her shoulder blades for about a month. At the direction of plaintiff in error the witness went into a small room containing a chiropractor's table, and at his direction she laid on her abdomen while plaintiff in error applied pressure "from the end of my spine to the end of my skull." She was then directed to lie on her back, and while in this position he turned her head to the right and left causing it to make "a snapping noise." He told the witness that "it seemed to him the trouble was in vertebrae number one and two around the cervical area." She paid the plaintiff in error seven dollars for which she received a receipt and was requested to return "in a couple of days to take more treatment."

Plaintiff in error testified that he gave the witness a manipulative massage using his own technique developed over the years; that he had conducted his business in the same place where he has resided for the past twenty-six years; and that he had conducted his business on the

418

premises where the sign bearing his name appeared, followed by the words "Palmer Chiropractor," for a long period of time.

There is no testimony in the record to show that plaintiff in error was ever licensed to treat human ailments under section 24 of the Medical Practice Act, and the evidence on the part of the People, which is not disputed, amply supports the verdict of the jury on each and every count.

The judgment of the Appellate Court is, therefore, affirmed.

*Judgment affirmed.*