(No. 34463.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ROGER E. RICHARDSON, Plaintiff in Error.

*Opinion filed November 20, 1957.*

Simon Herr, of Chicago, for plaintiff in Error.

Latham Castle, Attorney General, of Springfield, and Benjamin S. Adamowski, State's Attorney, of Chicago, (Fred G. Leach, Bruce Eric Kaufman, L. Louis Karton, and William L. Carlin, of counsel,) for the People.

Mr. Justice Klingbiel delivered the opinion of the court:

An information filed in the county court of Cook County against Roger E. Richardson, a chiropractor, charged him with violating the Medical Practice Act. After trial by jury he was found guilty on four of five counts. On each such count he was sentenced to the county jail for sixty days, the sentences to run concurrently, and was fined $100. The judgment was affirmed by the Appellate Court (*People* v. *Richardson,* 13 Ill. App. 2d 354,) and the defendant seeks further review here by writ of error. He contends that the

information fails to charge any offense; that the evidence is insufficient; and that error was committed in giving and refusing instructions.

Under section 24 of the Medical Practice Act (Ill. Rev. Stat. 1953, chap. 91, par. 16i,) it is a misdemeanor if any person, without a license, holds himself out to the public as being engaged in diagnosing or treating human ailments; or prescribes treatment therefor with intent to receive a fee; or diagnoses or treats any ailment of another; or maintains an office for examination or treatment of persons afflicted with ailments; or attaches to his name the title "Doctor" or any other word or abbreviation which indicates he is engaged in the treatment of human ailments as a business.

By the first count the information alleges that on October 20, 1953, the defendant, without having a license to treat human ailments, unlawfully diagnosed a supposed ailment of Stella Bekeleski, also known as Anna Beck, to be that she was extremely nervous and had unaligned vertebrae. Count 3 alleged that with the intention of receiving a $25 fee he unlawfully suggested treatment by manipulation of the spine; count 4 charged that he unlawfully attached to his name the labels "Dr." and "Chiropractor," indicating that he was engaged in treating human ailments as a business, on a described sign, business card, pamphlets and a statement of account; and count 5 averred that he unlawfully maintained an office, at a certain address, for examination and treatment of persons afflicted with ailments.

Defendant claims the information is defective because it lacks sufficient facts and fails to allege a wrongful intent. He argues that detecting nervousness or misalignment of vertebrae is not diagnosis; that manipulation on the spine does not constitute a proscribed treatment in the absence of further description of the manner in which the manipulation is performed; and that by merely alleging he maintained an office for examination and treatment the informa-

tion did not sufficiently aver the examination and treatment were to be performed by himself. There is no merit in defendant's contention. Each count charges a violation in the words of the statute, and then specifies the acts constituting such violation. Each is clear and unambiguous, and informed him of the exact nature of the offense. Where such is the case the information is sufficient. (*People* v. *Handzik*, 410 Ill. 295, 305; *People* v. *Kabana*, 388 Ill. 198; *People* v. *DeYoung*, 378 Ill. 256.) Particularity of allegation is required simply to identify, in a reasonable manner, the crime with which the accused is charged. It is not intended as a linguistic exercise whereby the prosecutor must eliminate all possibility of misconstruction.

Defendant also maintains that the evidence does not sustain the verdict. It shows that the prosecuting witness, whose real name is Stella Bekeleski, was an investigator employed by the State. She presented herself at defendant's office under the name of Anna Beck, falsely complaining that she suffered from a persistent pain across her back. Defendant examined her with a microdynameter or "Ellis machine," which apparently measures electrical energy within the body. He thereafter explained to her that he had found two "subluxated" vertebrae, and suggested that X rays be taken. X-ray pictures were thereupon made, and the woman was told to return the following day. A charge of $25 was made, of which she paid $10. She then left the office and did not return thereafter. The record further discloses that on the window of defendant's office appeared the words "Dr. R. Richardson, Chiropractor and Spinal Analyses;" and that he displayed and made available printed pamphlets entitled, respectively, "Epilepsy," "Skin Eruption" and "Tonsillitis," each bearing the subtitle "What Will Chiropractic Do For It?" and containing defendant's name followed by the letters "D.C."

It is contended the veracity of the principal witness, Stella Bekeleski, was impaired by her false statements and

348

by her testimony that she had been given an adjustment, that she had cried out with pain, and that the machine had vibrated, all of which were denied by defendant and his office assistant, and controverted by a demonstration of the machine in the presence of the jury. Defendant's argument cannot prevail. Even aside from the rule that questions of veracity are for the jury to decide, the undisputed facts in evidence are ample to sustain the verdict. The question whether practices such as those involved here constitute diagnosis and treatment has been settled contrary to his position, (*People* v. *Brown*, 3 Ill.2d 415; *People* v. *De-Young*, 378 Ill. 256,) and need not be further discussed here.

It is finally urged that the court committed error in giving an instruction defining the term "chiropractor," (a definition substantially the same as that given by defendant in his testimony), and in refusing an instruction concerning circumstantial evidence. The proferred instruction was clearly inappropriate, since the prosecution was not based on circumstantial evidence, and we think no prejudicial error has been shown in the instruction criticized.

The judgment of the Appellate Court is correct and is therefore affirmed.

*Judgment affirmed.*