(No. 35232.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* SHIRLEY G. NELSON, Plaintiff in Error.

*Opinion filed January 22, 1960.*

WILLIAM G. MYERS, of Chicago, for plaintiff in error.

GRENVILLE BEARDSLEY, Attorney General, of Springfield, and BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRED G. LEACH, and WILLIAM H. SOUTH, Assistant Attorneys General, and FRANCIS X. RILEY, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

This writ of error is prosecuted by Shirley G. Nelson (a male) who was tried before a judge of the criminal court of Cook County and found guilty of the unlawful possession of narcotic drugs. He was sentenced to three to six years in the penitentiary. We find it necessary to consider only his contention that the evidence did not establish his guilt beyond a reasonable doubt.

On the afternoon of January 28, 1958, four police officers and a policewoman were sent to a building at 4711-

4713 South Calumet Avenue in Chicago to conduct a "narcotics investigation." In the basement at that address there is a restaurant on the 4711 side and a tavern on the 4713 side. Inside they are connected by an archway, but each has a separate stairway leading up to the street. The place was a gathering place for dope addicts and peddlers.

Two of the investigating officers, William Alexander and William Wilson, were the only witnesses called by the prosecution. Alexander testified that as he went down the stairs into the basement on the 4711 side, he saw the defendant in the passageway between the restaurant and tavern. The defendant was placing a package under a woman's coat. Alexander recognized the defendant as someone he had seen as a defendant a few hours earlier in the narcotics court. The woman ran up the stairs of the tavern side of the premises. Alexander pursued her, but the defendant momentarily blocked him in the doorway between the two rooms, and she was able to get out onto the street before he caught her. When she was brought back into the basement she was searched and a brown paper bag which contained heroin was found under her coat. .

Officer Wilson testified that when he and Alexander drove up in front of 4711-4713 South Calumet, the defendant and the woman were standing on the sidewalk in front of the place. It was there, he said, that he saw the defendant pass a package to the woman. He testified that the defendant tried to block officer Alexander, who was chasing the woman; that he, Wilson, took the defendant down into the basement, and that a few minutes later Alexander brought the woman there. She was searched and a brown paper bag was found under her coat.

The defendant testified. He denied that he had passed a package to the woman. He corroborated officer Alexander's testimony to the extent that Alexander had described the other events as taking place in the basement, rather than on the street as officer Wilson testified. He

testified that he was standing in the doorway between the two rooms in the basement when officer Alexander came up behind him, with a gun in his hand, and ordered him to move out of the doorway.

The woman, Etta Nelson, was the defendant's common-law wife. She testified that she was in the tavern side of the premises when the police entered, that she ran up the steps, was stopped by the policewoman and was brought back and searched. She testified further that while she was drinking beer in the tavern she had seen the package on the floor underneath the next seat, picked it up, and put it under her coat.

There is no suggestion that any narcotics were found on the defendant. If he is guilty of possession, it can only be because he handed a package containing them to Etta Nelson. He denies that he did so, and so does she. Both officers testify that they saw the defendant hand a package to her. But their testimony as to the crucial occurrence can not be reconciled. Alexander says it happened in the basement. Wilson says it happened on the sidewalk. On this state of the record we find it impossible to say that the defendant's guilt was proved beyond a reasonable doubt.

The judgment is reversed and the cause is remanded to the criminal court of Cook County.

*Reversed and remanded.*