**People of the State of Illinois, Plaintiff-Appellee, v. Robert Pearson, Defendant-Appellant.**

**Gen. No. 50,553.**

First District, Second Division.

September 13, 1966.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Frederick F. Cohn and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and E. Roger Horsky, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE LYONS delivered the opinion of the court.

This is an appeal from a conviction for arson, after a bench trial, with sentence in the Illinois State Penitentiary for a period of twelve (12) to twenty (20) years.

On August 26, 1964, at approximately 2:00 p. m., the building located at 3639 South State Street caught fire. On January 13, 1965, defendant waived a jury and was

tried on a charge of arson. Mr. Morris, who had a store located in that building, testified that prior to the fire he saw defendant enter the building with a can.

Winston Cater stated that he saw defendant come out of the building; that he accused defendant of setting the place on fire; that defendant replied "I don't give a . . . ." and when Cater said "Suppose my kids burn up there?" defendant said, "I burn them up too."

Officer Cephas testified that he arrested defendant in a truck, which was parked in the rear of the burned building; that defendant appeared to be sleeping; and that, in his opinion, defendant was under the influence of intoxicating liquor.

Officer Niehoff testified that he questioned defendant at approximately 6:30 p. m. on August 26, 1964; that at that time defendant admitted being in the vicinity of the building but denied that he was in the building proper; and that in his opinion defendant was under the influence of intoxicating liquor.

Defendant testified that he had drunk that morning; that he did not have much to drink—not enough to get drunk; that he estimated the amount to be one-half pint of whiskey; that he was near the building talking to Winston and Jesse Johnson; that he was standing there looking with everyone else when the fire started; and that he did not commit the offense of arson.

After hearing all the testimony, the trial court found defendant guilty of arson, and then stated:

> Where a person gets intoxicated it is no defense to a crime. If it were why a person could get intoxicated, go out and kill people and say, well I didn't know what I was doing, I was intoxicated. This type of crime, intoxication, is no defense to the crime of arson.

In aggravation the State showed three misdemeanor convictions: (1) assault with a deadly weapon, 90 days,

House of Correction; (2) tampering with an auto, one year, House of Correction; (3) petty larceny, one year, House of Correction. It was further pointed out that one Eugene Patterson lost his life in the fire. Defendant was sentenced and appeals from that judgment.

Defendant's theory of the case is (1) that the indictment was insufficient in that it failed to state the address of the property which was the alleged subject of arson, and (2) that the evidence failed to prove him guilty beyond all reasonable doubt.

 We disagree with defendant's first contention. The indictment was sufficiently definite to apprise the defendant as to the nature of the charge and enable him to prepare his defense. The case at bar falls directly within the application of the Supreme Court's opinions in People v. Blanchett, 33 Ill2d 527, 212 NE2d 97 (1965) and People v. Reed, 33 Ill2d 535, 213 NE2d 278 (1966).

The applicable statutory provision to be applied in response to defendant's second contention is found in section 20–1 of the Criminal Code, Ill Rev Stats (1965) chap 38, par 20–1, and reads as follows:

20–1. § 20–1. Arson. A person commits arson when:

 (a) By means of fire or explosive, he knowingly;

 (1) Damages any building of another without his consent; or

 (2) Damages any vehicle, aircraft, or watercraft of another designed for use as a dwelling without his consent; or

 (3) With intent to defraud an insurer, damages any building, vehicle, aircraft or watercraft designed for use as a dwelling.

 (b) By means of explosives, he knowingly damages any property of another without his consent.

A building or property "of another" means a building or property in which a person other than the offender has an interest which the offender has no authority to defeat or impair, even though the offender may also have an interest in the building or property.

Under the above section, the legislature required that the acts must be done knowingly. The crime of arson, therefore, requires the mental state defined in section 4–5 of the Criminal Code, Ill Rev Stats (1965) chap 38, par 4–5, which states as follows:

4–5. § 4–5. Knowledge. A person knows, or acts knowingly or with knowledge of:

(a) The nature or attendant circumstances of his conduct, described by the statute defining the offense, when he is consciously aware that his conduct is of such nature or that such circumstances exist. Knowledge of a material fact includes awareness of the substantial probability that such fact exists.

(b) The result of his conduct, described by the statute defining the offense, when he is consciously aware that such result is practically certain to be caused by his conduct.

Conduct performed knowingly or with knowledge is performed wilfully within the meaning of a statute using the latter term, unless the statute clearly requires another meaning.

Defendant contends that he did not have the necessary mental state to commit arson in that the evidence presented at the trial shows that he was intoxicated. Chap 38, sec 6–3 of the Criminal Code, Ill Rev Stats (1965) chap 38, par 6–3, reads as follows:

A person who is in an intoxicated or drugged condition is criminally responsible for conduct unless such condition either:

(a) Negatives the existence of a mental state which is an element of the offense; or

(b) Is involuntarily produced and deprives him of substantial capacity either to appreciate the criminality of his conduct or to conform his conduct to the requirements of law.

Since there is nothing in the record to indicate that the intoxication was involuntary, the only defense would be that type of intoxication found under subsection (a). Defendant's contention that he was "severely" intoxicated and that this negated the existence of a mental state which is an element of the defense to the charge of arson, is not supported by the testimony of the witnesses. They only testified, that in their opinion, he was "intoxicated" or "under the influence of intoxicating liquor." No one testified that he was "severely intoxicated" or "extremely drunk." The defendant himself stated "I had drank that morning. I didn't have that much to drink; not enough to get drunk. I would say approximately a half pint of whiskey." Defendant further denied setting the fire and gave a *detailed* story of his conduct during the morning and afternoon of the fire. It included places he went and people he talked to that day. (Emphasis supplied.)

In the case of People v. Evrard, 55 Ill App2d 270, 204 NE2d 777 (1965), the degree of intoxication was much greater as the defendant testified he did not remember anything from early morning to late afternoon, which covered the period of the crime. In that case the Fourth Appellate District made the following remarks concerning intoxication as a defense:

Ch 38, Sec 6–3, Ill Rev Stats 1963, provides that a person who is in an intoxicated condition is criminally responsible for his conduct unless his condition

of intoxication negatives the existence of a mental state which is an element of the offense. Intent is an essential element of the crime charged. People v. Freedman, 5 Ill2d 414, 123 NE2d 217. A defense based upon section 6-3 (supra) is an affirmative defense. (Ill Rev Stats 1963, c 38, § 6-4.) The defendant having raised the issue of lack of intent, the State must sustain the burden of proving the defendant guilty beyond a reasonable doubt as to that issue together with all the other elements of the offense. (Ill Rev Stats 1963, c 38, § 3-2.)

This case was tried to the Court without a jury. The Supreme Court has repeatedly stated that the trial judge, as trier of the facts, who saw and heard the witnesses and observed their conduct and demeanor while testifying, is in a better position to determine their credibility and determine the weight to be accorded their testimony, than is the reviewing court. The People v. Sudduth, 14 Ill2d 605, 153 NE 2d 557.

The record supports the finding of the trial court that the defendant's intoxication was not so great as to exclude his having the specific intent essential to the crime, and under such circumstances we will not substitute our judgment for that of the trial court. The People v. Cozzie, 397 Ill 620, 74 NE2d 685.

In the case of People v. Strader, 23 Ill2d 13, 177 NE2d 126 (1961), the situation is similar to that of the case at bar, in that in both cases the defendants testified in detail to circumstances prior to the time of the crime and at the scene. There the Supreme Court stated the following concerning the defendant's ability to reason:

Voluntary drunkenness is not a defense to the commission of crime. (People v. Jones, 263 Ill 564.) However, where malice is a necessary element of the

crime, and where the intoxication is so extreme as to suspend the power of reason and the accused is incapable of forming an intent, he cannot be held guilty of the crime. There is nothing in the record to sustain defendant's contention that his intoxication was so extreme as to make him incapable of having the intent necessary in a case of murder. Defendant's testimony in regard to his intoxication proves too much, since he was in sufficient possession of his faculties to enable him to remember, in minute detail, all of the bars he visited and the nature and quantity of the various beverages he consumed in each. Moreover, he also recalls in detail the circumstances of his pursuit of the deceased and practically all of the details surrounding the shooting. The record does not support the contention that his intoxication prevented him from possessing in his mind the necessary intent for the crime charged, nor is his evidence in this regard sufficient to reduce the charge from murder to manslaughter. The defendant at all times knew what he was doing.

Since the necessary degree of intoxication, to negate the defendant's mental state, was not clearly established, defendant was proved guilty beyond a reasonable doubt. Furthermore, the ruling of the trial court, in the case at bar, must be interpreted as saying that the intoxication of defendant was not so extreme as to negate intent; rather than that no amount of intoxication, no matter how extreme can ever be a defense to arson. The judgment is affirmed.

Judgment affirmed.

BRYANT, P. J. and BURKE, J., concur.