THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* TYRONE GIST, Defendant-Appellant.

(No. 56204;

First District—May 10, 1972.

Thomas Grippando and Charles G. Walsh, Jr., both of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Nicholas A. DeJohn, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE ADESKO delivered the opinion of the court:

Defendant, Tyrone Gist, was charged with committing the offense of Failure to Possess an Illinois Firearm Owner's Identification Card. After a bench trial, the court found the defendant guilty of the offense as charged and sentenced him to six months in the Illinois State Farm at Vandalia. On appeal, defendant contends:

"(1) That the complaint fails to state an offense under the Statute;

(2) That the State failed to prove beyond a reasonable doubt that the defendant committed a criminal offense; and

(3) That the trial court should have sustained defendant's motion for directed verdict at the close of the State's case."

The facts are as follows:

Officer Gonzales testified that at approximately 1:00 P.M. on March 19, 1971, he heard gunshots while on routine patrol. Thereafter, Officer Gonzales "observed Tyrone Gist throw an object underneath a car." Officer Gonzales, as he approached the defendant and announced his office, noticed that defendant was wearing a shoulder strap and holster.

Officer Gonzales further testified that he then looked underneath the car and found a sawed-off rifle, and that the defendant did not have a firearm owner's identification card in his possession. The defendant, testifying in his own behalf, stated that the rifle did not belong to him and that he did not know who it belonged to. Defendant admitted that he was wearing a holster.

The defendant's first contention was that the complaint failed to state an offense under the Statute.

The Statute in question provided that:

"(a) No person may acquire or possess any firearm or any firearm ammunition within this State without having in his possession a Firearm Owner's Identification Card previously issued in his name by the Department of Law Enforcement under the provisions of this Act." Ill. Rev. Stat. 1969, ch. 38, par. 83—2.

So far as pertinent here, the complaint couched in the language of the Statute was as follows:

"Tyrone Gist has, on or about 19 Mar. 71 at 2011 W. Monroe committed the offense of Failure to Possess Ill. Firearm I.D. Card in that he knowingly possessed a firearm Sawed-off 22 rifle within the State of Illinois without having in his possession a firearm owner's identification card previously issued in his name by the State of Illinois in violation of Chapter 38, Section 83—2."

█■ The complaint set out the elements and nature of the offense charged. A complaint phrased in the language of the Statute creating the crime is sufficiently certain where the words of the Statute so particularize the offense as by their use alone serve to notify the accused of the precise offense charged against him. (*People v. Grieco*, 44 Ill.2d 407, 255 N.E.2d 897.) The language of the complaint stated an offense.

The defendant's second contention was that the State failed to prove his guilt beyond a reasonable doubt.

Officer Gonzales testified that he heard gunshots and soon thereafter observed the defendant throw an object underneath the car. Officer Gonzales recovered a sawed-off rifle from underneath the car and noticed that the defendant was wearing a shoulder strap and holster.

In *People v. Nelson*, 18 Ill.2d 298, 164 N.E.2d 21, a case relied upon by the defendant, there was a critical conflict in the testimony between the only eyewitnesses, two police officers, over where the transfer of narcotics took place. In the case at bar there was only one eyewitness and there was no conflicting testimony, except for that of the defendant.

█■ The trial court drew logical and reasonable inference that the rifle found under the car was the object in the defendant's possession at the time the police officer observed the defendant throw it under the car.

A court of review will not substitute its judgment for that of the trier of fact unless the evidence is so improbable or unreasonable as to leave a reasonable doubt. (*People v. Demos*, 3 Ill.App.3d 284, 278 N.E.2d 89.) After a careful review of the record before us, we find that the trial court did not err in holding that there was sufficient evidence to establish the defendant's guilt beyond a reasonable doubt and therefore the court correctly denied defendant's motion for discharge at the close of the State's case.

For the reasons given, the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

DIERINGER, P. J., and BURMAN, J., concur.