THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MICHAEL L. WILSON, Defendant-Appellant.

(No. 56824; 

First District (2nd Division)—February 6, 1973.

Gerald W. Getty, Public Defender, of Chicago, (John W. Madden, Assistant Public Defender, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Joseph Urso, Assistant State's Attorney, of counsel,) for the People.

PER CURIAM:

Defendant, under the name of Michael L. Wilson, was charged with the offense of theft. (Ill. Rev. Stat. 1969, ch. 38, par. 16—1(a)(1).) He was convicted by a judge sitting without a jury and sentenced for six months to the House of Correction. On appeal, defendant contends the complaint was fatally defective because it failed to allege the requisite mental state of "knowledge."

The complaint, signed by Frank O. Hampton, charged the defendant, Michael L. Wilson, with theft, "in that he did obtain unauthorized control over property, to-wit: $75.00 to $80.00 United States Currency of the value less than $150.00, the property of Frank O. Hampton, with the intent to deprive said Frank O. Hampton permanently of the use and benefit of said property."

Chapter 38, sec. 16—1(a)(1) provides: A person commits theft when he knowingly: (a) obtains or exerts unauthorized control over property of the owner, * * * and (1) intends to deprive the owner permanently of the use or benefit of the property.

The complaint in the case at bar does not use the word "knowingly"; it does, however, allege the specific intent on the part of the defendant to deprive the owner permanently of the use and benefit of his property. Defendant's argument has been authoritively answered by the Illinois Supreme Court in *People v. Shelton* (1969), 42 Ill.2d 490, 494-495, 248 N.E.2d 65, where it was said:

"Although the information here omits the word 'knowingly', the acts it does allege could not have been performed unless they were done 'knowingly'. You cannot make a gasoline bomb and set it aflame in a building, as specifically alleged, without acting knowingly and without knowledge that there would be damage."

The court specifically indicated that "knowledge" could be charged "either in the language of the statute or *in other appropriate words.*" (42 Ill.2d 490, 494.) Here, knowledge was, in effect, charged by use of the language of subsection (1) of section 16—1(a)(1), which charged the specific intent to deprive the owner permanently of his property. Following the reasoning of the court in *Shelton*: You cannot intend to deprive someone permanently of the use and benefit of his property without acting knowingly.

*People v. Hayn* (1969), 116 Ill.App.2d 241, 244, 253 N.E.2d 575, cited by appellant, holds an indictment under section 16 is fatally defective where it "fails to allege any mental state of the defendant or any conduct of the defendant indicating his mental state." It has also been held by the Illinois Appellate Court, Second District, following *Hayn*, that omission of "permanently" is fatally defective; *People v. Matthews* (1970), 122 Ill.App.2d 264, 271, 258 N.E.2d 378; *cf.*, also, *People v. Sanders* (1972), 7 Ill.App.3d 848, 289 N.E.2d 110; *People v. Geary* (1972), 8 Ill.App.3d 633, 291 N.E.2d 13. However, in the case at bar, specific intent was alleged in the statutory language of section 16—1(a)(1).

The judgment of the circuit court of Cook County is affirmed.

Affirmed.