The People of the State of Illinois, Plaintiff-Appellee, *v.* Columbus Woolfolk *et al.*, Defendants-Appellants.

(No. 56543;

First District (5th Division)—May 11, 1973.

Howard D. Geter, Jr., and Wendell P. Marbly, both of Chicago, for appellants.

Bernard Carey, State's Attorney, of Chicago, (John C. O'Rourke, Jr., and Elmer C. Kissane, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Defendants were charged in Count I with committing the offense of gambling in that they knowingly set up, promoted, sold, offered to sell, possessed, and transferred policy tickets and other similar devices in

violation of Ill. Rev. Stat. 1969, ch. 38, § 28—1(a-8)[1] and charged in Count II that they knowingly did draft, print, and publish policy tickets and shares and other similar devices in violation of Ill. Rev. Stat. 1969, ch. 38, § 28—1(a-9).

At the trial the parties stipulated that insufficient evidence existed for Count II and it was stricken. A further stipulation was made to the following facts. On November 5, 1970, several police officers arrived at 1223 South 19th Avenue in Maywood, Illinois, presented the woman who opened the door with a search warrant, and entered the premises. Upon entering the basement, they found the two defendants, Woolfolk standing by the window of the basement and Lindsey standing in front of the entrance to the middle room where a dismantled press was found. Nothing was found on the person of either defendants, but in the room with the press, which was not in operation, old policy tickets were found in a refuse pile. Both defendants were found guilty in a bench trial of the possession of the printed slips in violation of Ill. Rev. Stat. 1969, ch. 38, § 28—1(a-8). Defendants then filed a Motion in Arrest of Judgment claiming that the count of the indictment upon which they were convicted was void. The motion was denied. Following a hearing in aggravation and mitigation, defendant Woolfolk was sentenced to three years probation, the first ninety days in the House of Correction on the work release program. Defendant Lindsey was given probation for two years. Both defendants appeal.

The issue presented for review is whether the indictment is duplicitous and therefore void for having listed a number of separate offenses in the conjunctive and in only one count.

*OPINION*

■■ The indictment under Count I, using the conjunction "and," charged that defendants committed each of the offenses ("set up," "promoted," "sold," "offered to sell," "possessed" and "transferred") listed in § 28—1(a-8). The statute lists each offense in the alternative by using the disjunction "or." An indictment must sufficiently notify defendant of the charges against him. (*People v. Shelton* (1969), 42 Ill.2d 490, 248 N.E.2d 65; *People v. Tammen* (1968), 40 Ill.2d 76, 237 N.E.2d 517; *People v. Ross* (1968), 41 Ill.2d 445, 244 N.E.2d 608.) Since the State was required to prove and in fact did prove that defendants committed only

---

[1] § 28—1(a-8) provides:

Sets up or promotes any policy game or sells, offers to sell or knowingly possesses or transfers any policy ticket, slip, record, document or other similar device * * *

one of the acts specified in the statute (*i.e.*, possession), the indictment charging them with the commission of all the acts did not sufficiently notify defendants of the crime imputed to them.

■■ In *People v. Richardson* (1957), 12 Ill.2d 344, 347, 145 N.E.2d 926, 927 the court stated that:

> "Particularity of allegation is required simply to identify, in a reasonable manner, the crime with which the accused is charged. It is not intended as a linguistic exercise whereby the prosecutor must eliminate all possibility of misconstruction."

By applying the *Richardson* standard and construing the indictment in the light most favorable to the State, we might overlook the substitution in the indictment of the word "and" for the proper word "or." However, even if the indictment had properly listed each offense in the alternative *People v. Heard* (1970), 47 Ill.2d 501, 266 N.E.2d 340, would compel our reversing the convictions. In *Heard*, the Illinois Supreme Court, dealing specifically with § 28—1(a-8), held at 47 Ill.2d 501, 504, 266 N.E.2d 340, 342, that an information containing all of the listed offenses in *one count* was void:

> "The complaint, following the language of the statute, charged the defendants in the disjunctive, that is, it charged that the defendants set up a policy game or promoted a policy game or sold tickets and so on. While a charge which follows the language of the statute defining the crime and uses the disjunctive "or" will be sufficient under some circumstances, it will not be sufficient where the statute names disparate and alternative acts, any of which will constitute the offense * * *. The statute here named specific acts which constitute the crime of gambling, some of which acts are clearly disparate and alternative. The promoting of a policy game is not the same act as transferring a policy ticket, for example. The use of the disjunctive under these circumstances causes uncertainty and conjecture as to which of the alternatives the accused is charged with committing."

Although *Heard* dealt with an information, the rationale of the decision compels its application to indictments as well. Since all the offenses charged in the indictment in the case at bar were contained in the same count, *Heard* compels us to reverse the convictions.

Reversed.

DRUCKER, P. J., and ENGLISH, J., concur.