The People of the State of Illinois, Plaintiff-Appellee, *v.* Earl Ludke, Defendant-Appellant.

(No. 58201;

First District (4th Division)—November 21, 1973.

James J. Doherty, Public Defender, of Chicago (Lee T. Hettinger, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and Patricia C. Bobb, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE ADESKO delivered the opinion of the court:

The defendant-appellant was charged in a complaint, signed and verified by Carmen Lopez, with criminal damage to property in violation of chapter 38, section 21—1(a) of our Criminal Code. (Ill. Rev. Stat. 1971, ch. 38, par. 21—1(a).) The defendant was tried before the court without a jury and was found guilty. He was sentenced to six months in the House of Correction. In this appeal the defendant contends that his conviction must be reversed because the complaint is fatally defective

in that it fails to allege the requisite mental state. We do not agree. The defendant's contention attacks the sufficiency of the complaint to support his conviction and raises only a legal question. Therefore, it is unnecessary to set forth the facts which gave rise to the prosecution.

■■ The complaint in issue stated "that Earl Lopez has, on or about 17 Aug 72 at 1027 Wilson Cook County, Ill. committed the offense of Criminal Damage To Property in that he without authority damaged a rear door the value of which is less than $150.00, the property of Carmen Lopez, by the use of body force without the consent of said Carmen Lopez in violation of Chapter 38 Section 21—1a." Although the defendant was incorrectly named in this portion of the complaint, he was correctly named in the caption and defendant never complained of this apparent typographical error. However, defendant does contend that the complaint is fatally defective in that it fails to allege that he acted "knowingly". The defendant's counsel made a motion for an arrest of judgment on this ground and maintained that the complaint did not charge an offense. The trial court denied the motion and ruled that the words "by the use of bodily force" would indicate conscious effort of the individual. The trial court stated, "I think that by use of bodily force, without the consent of Carmen Lopez', by use of bodily force, would be enough to indicate that it was knowingly done." We agree with this ruling.

■■ It is axiomatic that the legal sufficiency of a complaint is determined by whether or not it apprises the defendant of the precise offense charged against him. (*People v. Mikota* (1971), 1 Ill.App.3d 114, 273 N.E.2d 618; *People v. Gist* (1972), 5 Ill.App.3d 1047, 284 N.E.2d 701.) The offense of criminal damage to property is committed when a person knowingly damages any property of another without his consent. (Ill. Rev. Stat. 1971, ch. 38, par. 21—1(a).) This offense as defendant contends requires the specific mental state of "knowingly". The complaint at issue did not utilize the specific term "knowingly" but it is our opinion that the other language in the complaint was sufficient to allege the requisite mental state.

■■ In the case of *People v. Edge* (1950), 406 Ill. 490, 94 N.E.2d 359, the indictment charged that the defendant unlawfully had in his possession a policy ticket but it failed to use the word "knowingly". The Supreme Court stated:

"* * * where the statutory definition of a crime includes the intent with which the act is committed as an element of the offense, the intent must be alleged. (*People v. Harris*, 394 Ill. 325; *People v. Barnes*, 314 Ill. 140.) * * * The word 'knowingly', omitted from the information in question, is not supplied, *in*

*substance* by the term 'unlawfully.' Inclusion of the word 'unlawfully' merely connotes that the possession was contrary to or in defiance of law, whereas 'knowingly' implies that the act was performed consciously, intelligently, and with actual knowledge of the facts. \* \* \* For the reason the information did not allege that defendant knowingly possessed policy tickets, either in the language of the statute or in *other appropriate words,* it failed to charge him with a criminal offense." (Emphasis added.) *People v. Edge, supra,* at 493 at 494; at 361.

Unlike the indictment in *Edge,* the complaint in issue by usage of the words "by the use of body force" alleged in substance and in other appropriate words that the defendant acted "knowingly". We agree with the trial court that these words indicate a conscious effort of an individual.

The case of *People v. Shelton* (1969), 42 Ill.2d 490, 248 N.E.2d 65, is analogous to the case at bar. In *Shelton* the defendant was charged with arson and the information failed to allege that he acted knowingly as required by the legislative definition of arson. (Ill. Rev. Stat. 1965, ch. 38, par. 20—1.) The Supreme Court stated:

"Although the information here omits the word 'knowingly', the acts it does allege could not have been performed unless they were done 'knowingly'. You cannot make a gasoline bomb and set it aflame in a building, as specifically alleged, without acting knowingly and without knowledge that there would be damage." *People v. Shelton, supra,* at 494 to 495; at 68.

In the case at bar the complaint specifically alleged that the defendant damaged a rear door by the use of body force. The evidence at the trial showed that the door was broken, cracked, off one of its hinges and the lock had been broken off. Under these circumstances the application of bodily force could only have been done knowingly.

The complaint in issue was legally sufficient to apprise the defendant of the precise offense with which he was charged and allowed him to adequately prepare a defense. For the reasons herein stated, the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

BURMAN, P. J., and JOHNSON, J., concur.