**STATE of Maine**

v.

**Robert O'FARRELL.**

Supreme Judicial Court of Maine.

April 6, 1976.

Fitzgerald, Donovan & Conley, P. A. by Mark L. Haley, Daniel R. Donovan, Bath, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.

WERNICK, Justice.

By an indictment returned in the Superior Court (Cumberland County) on September 13, 1974 defendant Robert O'Farrell was charged with having violated 17 M.R.S.A. § 161 [1] in that

"... on or about the eleventh day of July, 1974 in the Town of Cumberland, ... Robert O'Farrell, did willfully and maliciously set fire to a dwelling house located at 275 Main Street ... the dwelling house of one Ernest Pike."

After a trial, a jury found defendant guilty as charged. Defendant has appealed from the judgment of conviction entered on the verdict.

The appeal presents a single issue:— whether the presiding Justice was correct in refusing to instruct the jury that (1) the indictment expressly charging defendant with a violation of 17 M.R.S.A. § 161 in legal effect also charged defendant with an "attempt" to violate 17 M.R.S.A. § 161 as made independently criminal by 17 M.R.S.A. § 164; [2] and (2), therefore, the

Henry N. Berry, III, Dist. Atty., Richard J. Kelly, Peter G. Ballou, Asst. Dist. Attys., Portland, for plaintiff.

1. 17 M.R.S.A. § 161 provides:
"Any person who willfully and maliciously (1) sets fire to (2) burns (3) causes to be burned or (4) aids, counsels or procures, the burning of any dwelling house, mobile home or house trailer, whether occupied, unoccupied or vacant, or any kitchen, shop, barn, stable or other outhouse that is parcel thereof, or belonging to or adjoining thereto, whether the property of himself or of another, shall be guilty of arson in the first degree and upon conviction thereof, shall be punished by imprisonment for not more than 20 years. Should the life of any person be lost in consequence of any such burning, such offender shall be deemed guilty of murder and be punished accordingly."

2. 17 M.R.S.A. § 164 states:
"Any person who willfully and maliciously (1) attempts to set fire to (2) attempts to burn (3) aids, counsels or procures the burning of any of the buildings or property mentioned in sections 161 to 163, or (4) commits any act preliminary thereto, in furtherance thereof shall be guilty of arson in the fourth degree and upon conviction thereof shall be punished by imprisonment for not more than 11 months, or by a fine of not more than $1,000, or by both.
"The placing or distributing of any flammable, explosive or combustible material or substance, or any device in, on or adjacent to any building or property mentioned in sections 161 to 163 in an arrangement or

jury was authorized, should it see fit, to find defendant guilty of an "attempt" as punishable under 17 M.R.S.A. § 164.

We deny the appeal because we find the instant case within the ambit of our decision in *State v. MacNamara,* Me., 345 A.2d 509 (1975).

In making criminal an "attempt" to violate Section 161, Section 164 provides, inter alia, that the "attempt" can be constituted by

"[t]he placing or distributing of any flammable, explosive or combustible material or substance, or any device in, on or adjacent to any building or property . . . . in an arrangement or preparation with intent to eventually willfully and maliciously (1) set fire to (2) burn same, or (3) to procure the setting fire to or burning of same . . . ."

Here, then, similarly to the situation in *State v. MacNamara,* the concept of "attempt" in Section 164 is different from that of the common law as embodied in our general "attempt" statute, 17 M.R.S.A. § 251.

Further, here, similarly to the situation in *State v. MacNamara,* Section 164 prescribes its own specific punishment and, therefore, as we said in *State v. Mac-Namara,* since Section 164 "provides a specific penalty" for the "attempt" it renders independently criminal,

"the Legislature isolated such attempts from the proscriptions of [17 M.R.S.A.] Section 251." (p. 512)

For these reasons, the generalized statements in *Carson, Petitioner,* 141 Me. 132, 39 A.2d 756 (1944) to the effect that

preparation with intent to eventually willfully and maliciously (1) set fire to (2) burn same, or (3) to procure the setting fire to or burning of same shall, for the purposes of this chapter, constitute an attempt to burn such building or property."

3. In the text of Perkins, Criminal Law (2d ed.) the point is expressed as follows:

"the facts necessary to constitute an attempt to commit a crime are alleged in an indictment charging the completed offense" (p. 136, 39 A.2d p. 757)—

as asserted in connection with the Court's discussion of the general "attempt" statute (at the time of *Carson,* R.S.1930, Chapter 143 § 10, now 17 M.R.S.A. § 251)—are here inapplicable.

■ As made criminal by Section 161, the completed crime of "arson" is a crime of general, rather than specific, criminal intent. The requirement that defendant act "willfully and maliciously" does not signify that defendant must have *actual subjective* purpose that the acts he does intentionally shall produce either (1) a setting afire or burning of any structure delineated in Section 161 or (2) damage to or destruction of said structure. So long as (absent independent circumstances of justification, excuse or mitigation) defendant has actual subjective intention to do the act he does and does it in disregard of a conscious awareness that such conduct involves highly substantial risks that a structure as delineated in Section 161 will be set afire, burned or caused to be burned —notwithstanding that defendant does not "intend" such consequences in the sense that he has no actual subjective purpose that his conduct produce them—defendant acts "willfully and maliciously." As was said in *Regina v. Harris,* 15 Cox CC 75 (1882), to be thus

"reckless and indifferent, whether the . . . [structure be] set fire to or not"

is to act "willfully and maliciously." (p. 77) See: *Love v. State,* 107 Fla. 376, 144 So. 843 (1932); Cf. *People v. Pearson,* 74 Ill.App.2d 400, 220 N.E.2d 876 (1966).[3]

" . . . the state of mind which constitutes guilt of common law arson, assuming the other elements of the crime are present and there are no circumstances of justification, excuse or mitigation, is either an intent to burn . . . or an act done under such circumstances that there is obviously a plain and strong likelihood of such a burning." (p. 219)

█ Although the completed crime of arson under Section 161 of 17 M.R.S.A. is thus a crime which does not require specific intent, the "attempt" facets of 17 M.R.S.A. § 164 do involve specific intent, because, here,—as similarly in *State v. MacNamara,* supra,—an attempt to commit the completed offense of arson, as made criminal in 17 M.R.S.A. § 161, requires an actual subjective purpose—i. e., a specific intent—to commit such completed crime.

█ Accordingly, the principles enunciated in *State v. MacNamara,* supra, applying *State v. Leeman,* Me., 291 A.2d 709 (1972), are here controlling. Since it is an essential ingredient of the "attempt" for which 17 M.R.S.A. § 164 prescribes a spe- cific punishment that defendant have a specific intent which is not an essential element of the crime of arson as defined by Section 161, the presiding Justice correctly refused to instruct the jurors that they had an option to find defendant guilty of an "attempt" to violate Section 161 as such "attempt" is made an independent crime under Section 164.

The entry is:

*Appeal denied.*

All Justices concur.

DELAHANTY, J., sat at argument but did not participate further in the case.