(No. 38545.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* GAIUS WHITFIELD BUSH, Appellant.

*Opinion filed May 20, 1965.*

Edward Booth, of Decatur, appointed by the court, for appellant.

William G. Clark, Attorney General, of Springfield, and Basil G. Greanias, State's Attorney, of Decatur, (Fred G. Leach, Assistant Attorney General, and Norman J. Fombelle, Assistant State's Attorney, of counsel,) for the People.

Mr. Chief Justice Klingbiel delivered the opinion of the court:

The defendant, Gaius Bush, was tried by jury in the circuit court of Macon County and convicted of the crime of armed robbery for which he was sentenced to the penitentiary for a term of not less than 3 nor more than 20 years.

On this appeal he contends that he was deprived of his constitutional right to the assistance of counsel. The record shows that at the arraignment the court asked the defendant if he had an attorney to which he replied that he had retained an attorney from Springfield and had "some more" from Chicago coming down. The defendant entered a plea of not guilty and was released on bail and the court advised him that his attorney should enter his appearance within a week. A week later the defendant appeared in court without counsel and told the court that he had paid his attorney a retainer fee but the attorney refused to act until the full fee had been paid. The court then advised the defendant that the case was set for trial in two weeks and told the defendant that unless he had a lawyer the court was going to appoint the Public Defender to represent him. The defendant stated that he did not want the Public Defender appointed but after some further discussion the defendant told the court that an attorney could be appointed and that the attorney could withdraw later, if necessary. The court told the defendant that he thought this was a wise decision and the Public Defender was appointed. On the date set for trial the defendant made an oral motion that he be allowed to act in his own behalf. The court told the defendant that this was an unusual request and that while every defendant, if competent, had a right to act as his own attorney, it was the court's own judgment that a man who did so was like a man who acted as his own surgeon when he had an appendectomy. The court asked if the defendant wanted the Public Defender to sit with the defendant at the trial and the defendant said that he did. The court then pointed out to the defendant that there would be legal problems concerning the preparation of instructions and the conference on instructions, and also that an attorney would be more capable of arguing the case. The judge told the defendant that he had just returned from a conference where another judge had related a situation where a defendant originally wanted to

represent himself but sought the aid of counsel during the trial. The defendant replied that he fully intended to serve all the way through. He stated that he had no legal training but that he did know something about instructions. The court then asked him whether he had full knowledge that the court was willing to appoint counsel for him and that under the law of the State of Illinois and the United States he was entitled to counsel. The defendant replied that he understood he had this right but that he was waiving it. The Public Defender objected to remaining in the case in an advisory capacity but stated that he was perfectly willing to undertake the complete defense. The defendant then stated that the attorney had helped him as much as he could and that he believed that he could handle the case himself and that the attorney was not required and could be relieved. The court then relieved the Public Defender of the responsibility of trying the case. The Public Defender stated to the court that he had prepared a set of instructions and had discussed with the defendant some aspects of trial procedure and that he intended to have a further discussion with the defendant on these matters.

There can be no question but that one accused of a felony is entitled to the assistance of counsel. (*Gideon* v. *Wainwright,* 372 U.S. 335, 9 L. ed. 2d 799, 83 S. Ct. 792.) However, this right may be waived (*People* v. *Robinson,* 27 Ill.2d 289; *People* v. *Kenzik,* 22 Ill.2d 567) and the right of a defendant to represent himself when the choice is intelligently made is as fundamental as his right to be represented by counsel. (*People* v. *Sinko,* 21 Ill.2d 23.) A finding of waiver is not lightly to be made (*Moore* v. *Michigan,* 355 U.S. 155, 161, 2 L. ed. 2d 167, 78 S. Ct. 191, 195) and the record must show that an accused was offered counsel and that he intelligently and understandingly rejected the offer. (*Carnley* v. *Cochran,* 369 U.S. 506, 516, 8 L. ed. 2d 70, 82 S. Ct. 884, 890; *Johnson* v. *Zerbst,* 304 U.S. 458, 464, 82 L. ed. 1461, 58 S. Ct. 1019, 1023.) In order that

the court may be sure that an accused fully understands his right to counsel and intentionally relinquishes that right, something more than a routine inquiry by the court is required. (*Von Moltke* v. *Gillies,* 332 U.S. 708, 724, 92 L. ed. 309, 68 S. Ct. 316, 323.) However, once an accused has been adequately advised of his right to counsel and has intentionally and knowingly waived that right, the constitution does not force a lawyer upon him. *Moore* v. *Michigan,* 355 U.S. 155, 161, 2 L. ed. 2d 167, 78 S. Ct. 191, 195; *Adams* v. *United States,* 317 U.S. 269, 279, 87 L. ed. 268, 63 S. Ct. 236, 242.

When examined in the light of these principles, we believe that it is clear that the defendant's waiver of counsel in this case was knowingly and intelligently made. It is apparent that the court took great pains to impress upon the defendant the advisability of having counsel by pointing out various problems which might arise with which the defendant might not be familiar. Short of forcing counsel upon the defendant in the face of his repeated request that he be allowed to represent himself, we see nothing which the trial judge could have done to further protect the defendant's constitutional rights. The defendant argues that before he could validly waive the appointment of counsel the court should have appointed an attorney for him to explain his right to counsel. No authority is cited for this proposition and a similar contention was rejected in *Adams* v. *United States,* 317 U.S. 269, 87 L. ed. 268, 63 S. Ct. 236, where it was held that one could waive trial by jury without the advice of counsel. Moreover, the argument advanced by the defendant is not available here. It appears that counsel had been appointed to represent the defendant and the attorney stated to the court that he had conferred with the defendant on various aspects of trial procedure. In our opinion the trial court's action in permitting the defendant to conduct his own defense did not deprive the defendant of his constitutional right to assistance of counsel and was not error.

In addition to the claim which we have discussed, the defendant argues that the trial court erred in denying his request for a free transcript. The petition for the transcript was filed more than one year after the date of the defendant's conviction. Although the reason for the trial court's denial of the petition does not appear, we presume that it was denied because it was not filed within 100 days of the judgment of conviction. In view of the fact that the defendant was not represented by counsel and in the absence of any showing that he was advised of his right to obtain a free transcript by filing a petition within 100 days of the judgment of conviction, we are of the opinion that the trial court should have ordered a free transcript prepared for use on this appeal. (*Shockey* v. *Illinois,* 375 U.S. 22, 11 L. ed. 2d 43, 84 S. Ct. 83.) The circuit court of Macon County is therefore directed to enter an order providing that the court reporter furnish the defendant with a transcript of the proceedings at his trial without cost to him. We retain jurisdiction of the appeal pending the filing of the transcript.

*Transcript ordered.*