(No. 42121.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* JOHN H. HESSENAUER, Appellant.

*Opinion filed March 24, 1970.*

LLOYD MIDDLETON, of Pickneyville, appointed by the court, for appellant.

R. N. GANDY, of R. K. PEEK & R. N. GANDY, of Du Quoin, for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

In the circuit court of Perry County, in May of 1967, the defendant, John Hessenauer, waived indictment and pleaded guilty to a complaint that charged him with theft of an automobile valued in excess of $150. (Ill. Rev. Stat. 1967, ch. 38, par. 16—1.) He was sentenced to imprisonment for not less than three nor more than seven years. After evidence was heard in November of 1968, his post-conviction petition was dismissed on February 9, 1969, and he has appealed.

In his amended post-conviction petition the defendant made many charges of violation of actual or supposed constitutional rights. We find it necessary, however, to consider only the one principally urged on this appeal: that he was denied the assistance of counsel at his arraignment and that it was therefore error to accept his plea of guilty.

The record shows that the defendant and a companion, Larry Plymesser, were arrested in Washington County on May 23, 1967, in an automobile that had been reported stolen in adjacent Perry County. They were placed under arrest and taken immediately to the Washington County jail. On the way to the jail, the arresting officers questioned them without giving the warnings required by *Miranda* v. *Ari-*

*zona* (1966), 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, and the State concedes that any statements elicited at that time would not be admissible in evidence. Upon arrival at the Washington County jail, the two men were advised of their right to remain silent and to have an attorney.

Within five hours of their arrest, the two men were taken to the Perry County jail and brought before a judge of the Perry County circuit court for a preliminary hearing on the issue of probable cause. The judge advised the defendant of an indigent's right to appointed counsel, and the defendant specifically requested the court to appoint an attorney to represent him. After hearing evidence, the court found that probable cause existed, bound the two men over to the grand jury, and fixed bail in the amount of $4,000. At that time the judge appointed an attorney to represent the defendant and his companion.

The defendant remained in custody. At no time did his appointed attorney consult with him. About six days after the preliminary hearing, he learned from Plymesser's father that the appointed attorney had refused to take the case. On May 31, 1967, the defendant was brought before the court for arraignment, and at that time he entered his plea of guilty. It is uncontradicted that before pleading guilty he had neither consulted with an attorney nor requested the appointment of new counsel.

At the arraignment the following colloquy occurred between the trial judge and the defendant:

"JUDGE: Before I accept your plea of 'Guilty' and waiver of your rights, I will explain your rights so that you may fully understand them in this matter. You have the right to be indicted by a Grand Jury because this is a serious offense. It is a felony. This is a right you can voluntarily waive and give up. Do you have any questions about a Grand Jury or its function?

A. No.

JUDGE: If you choose to have a Grand Jury, you

have the right to be represented by counsel and it is the duty of the State's Attorney to present evidence to the Grand Jury and they will either return a true bill if they feel his evidence is sufficient, and if not, a no true bill. Do you wish to waive that right?

A. Yes.

JUDGE: You are willing to do that, waive your right to hearing before a Grand Jury?

A. Yes."

The State's Attorney then read, and the defendant signed, a written waiver and consent form by which the defendant acknowledged that he knowingly waived his right to be indicted by the grand jury.

After ascertaining that the defendant had read and understood the complaint against him, the trial judge continued:

"JUDGE: It is my duty to ask you how you plead to the charge of Theft of an automobile valued over $150.00, guilty or not guilty?

A. I plead 'Guilty'.

JUDGE: Before accepting your plea of guilty, I want to make sure you understand your rights and the possible consequences. You can plead 'Not Guilty' and you can have a trial by jury or a trial without a jury. At the trial, it would be the duty of the State's Attorney, Mr. Gandy, to prove you guilty of this crime and you could cross-examine his witnesses and subpoena witnesses to testify on your own behalf, and at the trial you have the right to be represented by an attorney and if you cannot afford one, it would be the duty of this Court to appoint an attorney to represent you. Now, do you have any questions about your rights?

A. No."

The State's Attorney then read, and the defendant signed, a written waiver of jury trial and a plea of guilty.

It is the defendant's contention that he was influenced

to plead guilty in part because the sheriff had told him that it might take the grand jury as long as six months to return an indictment; in part because some police officers suggested that a plea of guilty was the "best thing"—that he "might get off a little easier for it"; and in part because, while confined in the Perry County jail, he was suffering pain and discomfort from a congenital spinal deformity for which he could not obtain relief. He testified during the hearing on his post-conviction petition that he was also influenced to plead guilty because he felt that he would not have an attorney to represent him.

The basic issue, as we see it, is whether the record shows that the defendant understood that he had a right to be represented by counsel in connection with his arraignment, and if so, whether he knowingly and intelligently waived that right. It is true that during the preliminary hearing the judge advised the defendant of his right to counsel, found him to be indigent, and granted his request for the appointment of an attorney. But when the defendant subsequently appeared *pro se* for his arraignment, the judge made no inquiry concerning the absence of the attorney he had appointed and did not ask the defendant whether he wished to proceed without counsel. *Cf. People* v. *Bowman,* 40 Ill.2d 116.

Before accepting the guilty plea, the court did effectively admonish the defendant of his right to be indicted by a grand jury, his right to a jury trial, and his right to be represented by an attorney during the trial. The defendant effectively waived each of these rights. Nowhere in the transcript, however, is there any indication that the judge specifically advised the defendant of his right to be represented by counsel in connection with his arraignment. Indeed, from the judge's admonitions the defendant may very well have understood that his right to counsel was somehow related only to grand jury proceedings or to the trial itself.

It is by now well established that arraignment is a

"critical stage" in a felony case and that the right to counsel attaches automatically before any plea is made or accepted. (*People* v. *Morris,* 30 Ill.2d 406, 410; *People* v. *Bonner,* 37 Ill.2d 553, 560-61, *cert.* denied, 392 U.S. 910; *Hamilton* v. *Alabama,* 368 U.S. 52, 7 L. Ed. 2d 114, 82 S. Ct. 157; *White* v. *Maryland,* 373 U.S. 59, 10 L. Ed. 2d 193, 83 S. Ct. 1050; *Mempa* v. *Rhay,* 389 U.S. 128, 134, 19 L. Ed. 2d 336, 340, 88 S. Ct. 254; see also Ill. Rev. Stat. 1967, ch. 38, par. 113—3; Supreme Court Rule 401, Ill. Rev. Stat. 1967, ch. 110A, par. 401.) Because of the critical nature of the arraignment, an accused is entitled to the assistance of counsel whether or not he requests it. (*People* v. *Bonner,* 37 Ill.2d 533, 561, *cert.* denied, 392 U.S. 910.) A finding of waiver will not be made unless it appears from the record that at each critical stage of the proceeding the trial judge specifically offered, and the accused knowingly and understandingly rejected, the representation of appointed counsel. *People* v. *Bush,* 32 Ill.2d 484, 487-88; *Tobin* v. *United States* (7th cir., 1968), 402 F.2d 307; *Rini* v. *Katzenbach* (7th cir., 1968), 403 F.2d 697; see also, Supreme Court Rule 401, Ill. Rev. Stat. 1967, ch. 110A, par. 401.

Since the record in this case does not show that these requirements were met, the judgment of the circuit court of Perry County must be reversed, with directions to set aside the judgment of conviction and for further proceedings consistent with the views expressed in this opinion.

*Reversed and remanded, with directions.*