2 Ill. App.3d 434 (1971)
276 N.E.2d 19
THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee,
v.
CARL PRUITT, Defendant-Appellant.
No. 70-166.
Illinois Appellate Court  Second District.
November 19, 1971.
E. Roger Horsky, of Defender Project, of Elgin, and Frederick F. Cohn, of Chicago, for appellant.
Charles Marshall, State's Attorney, of Sycamore, (James M. Carr, Assistant State's Attorney, of counsel,) for the People.
Reversed and remanded.
Mr. JUSTICE SEIDENFELD delivered the opinion of the court:
Carl Pruitt, the defendant, was indicted for Burglary and Attempt Burglary. Upon a trial before the court, without a jury, defendant was found guilty and sentenced to 1-4 years in the penitentiary.
He urges reversal on the bases that although indigent he was forced to trial and also was sentenced without counsel or a knowing and understanding waiver of his right to counsel.
It appears from the record that after defendant was arrested, but before he was indicted, the Public Defender was appointed to represent him. Defendant appeared with the Public Defender at a preliminary hearing held on November 7th, 1969, and stated that he wished to secure private counsel. The Public Defender was permitted to withdraw. Defendant was asked whether he wanted to proceed and responded, "Yes." The preliminary hearing was thereupon held, with defendant acting pro se. Defendant was arraigned on March 12th, 1970, and appeared without counsel. On the court's inquiry, defendant said he intended to employ a lawyer. He stated that the lawyer was unable to be there that day but had advised him to ask for a continuance and to plead not guilty. The *435 court accepted the plea and placed the case on the April jury calendar, starting April 13th.
On April 13th, 1970, defendant again appeared in court. He was asked if he had a lawyer and responded, "No." The court advised him that the case was on the jury calendar. Defendant stated that he had waived jury "quite a while ago." However, there was no written waiver in the file and the court advised defendant of his right to a jury and then accepted this waiver. The case was set for May 4th, 1970, for trial before the court.
On May 4th, defendant appeared without counsel and there was the following colloquy:
"The Court: You knew you were going to trial this morning?
The Defendant: Yes, I knew. I knew I was going to trial. I didn't intentionally come late, though.
The Court: I'm talking about the attorney. You say you have no attorney. You said you wanted to try this without an attorney.
The Defendant: I did?
The Court: That's what you told me the last time here.
The Defendant: I said I wanted a bench trial.
The Court: That's right.
The Defendant: I didn't say anything about an attorney, not that I recall.
The Court: Well, Mr. Pruitt, my recollection was that your case was up for the jury.
The Defendant: Yes.
The Court: And I said, "Do you want to try this without a lawyer before a jury," and you said, "No, I want a bench trial. I don't have a lawyer."[1]
The Defendant: Yes.
The Court: That's what you told me.
The Defendant: Maybe I said that, but I never meant that I wanted a trial without a lawyer. I never meant that, but if it's no other way, I'll take it without a lawyer, then, but I never said that.
The Court: Mr. Pruitt, I want to make it clear to you that you have a privilege to try your case. I'm not going to force a lawyer on you. On the other hand, if you wanted a lawyer you had plenty of opportunity in this case. This case is quite old.
The Defendant: I came over here this past week to try to get a Public Defender, but they said I have to do that in court.
The Court: That's right. You've been in court quite a few times.

*436 This has been going on since last October.
The Defendant: For a while I did have a lawyer, but he wasn't able to take the case any more. He's never showed. I had to get it straight with him that he's not taking the case so I had to try to get the Public Defender.
The Court: As I recall this case, you had the Public Defender discharged.
The Defendant: That was downstairs and he never showed up."
(The colloquy at the preliminary hearing in which the Public Defender withdrew, stating that he was doing so to enable defendant to obtain the attorney of his choice, was then read to the court.) The colloquy continued:
"The Defendant: That was after about four appearances in court. This is the first time he showed up on about the four appearances, and I had to be continued all these times because he never showed up so I said I wouldn't use him because he never showed up.
The Court: What are you asking the Court this morning?
The Defendant: I'll go without a lawyer. I'll take trial without a lawyer."
The State concedes that the procedure did not literally comply with the standards respecting right to counsel and waiver of the right either as codified in the Supreme Court Rules (Ill. Rev. Stat. 1969, ch. 110A, par. 401(b)), or as stated in People v. Hessenauer (1970), 45 Ill.2d 63. The State agrees that under the record, defendant was not offered nor did he knowingly and understandingly reject representation by appointed counsel. However, the argument is made, on principle, that the constitutional right to counsel was never intended to permit a defendant to obstruct and delay the conduct of judicial proceedings.
The defendant has argued that the right of a criminal defendant to counsel is absolute when not properly waived and that the right is not dependent on the amount of delay or inconvenience experienced by the trial court or the prosecutor. It is unnecessary to decide this broad issue in reaching our conclusion under the circumstances of this case. For defendant does not deny that a deliberate and unreasonable refusal to retain counsel may constitute a waiver of his right to counsel, but he states that his acts did not amount to a waiver. We agree.
 1, 2 Considering the words and conduct of defendant and indulging, as we must, in every reasonable presumption against waiver (People v. Hessenauer, 45 Ill.2d 63, at page 68, supra; People v. Mackey (1965), 33 Ill.2d 436, 438; People v. Bush (1965), 32 Ill.2d 484, 487, 488), it is clear that defendant did not effectively waive his constitutional right to counsel.
*437 The judgment below is therefore reversed and the cause remanded for further proceedings consistent with this opinion.
Reversed and remanded with directions.
MORAN, P.J., and ABRAHAMSON, J., concur.
NOTES
[1] The court's recollection is not supported by the record. There had been no reference to trial by defendant without a lawyer.