THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* KENNETH SLATEN, Defendant-Appellant.

(No. 11847; ▮▮▮▮▮▮▮▮▮▮▮▮

Fourth District—August 1, 1973.

John F. McNichols, District Defender, of Springfield, for appellant.

George P. Wittman, State's Attorney, of Jerseyville, for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Defendant-appellant Kenneth Slaten appeals from a judgment dismissing his post-conviction petition in which he challenged the legal sufficiency of the indictment upon which his conviction was based, and also urges that he had not knowingly and intelligently waived his right to counsel.

On July 7, 1966, the grand jury returned a two count indictment. Count I charged defendant with burglary in that "* * * knowingly entered into a building, 'The American Legion Club' at Grafton, Jersey County, Illinois with intent" etc. Count II charged defendant with the

offense of theft under $150 of U.S. bills and currency, "* * * the property of the American Legion Club, Grafton, Illinois * * *."

On July 11, 1966, defendant appeared in court and was handed a copy of the indictment. The charges and penalties were explained to him. He was without counsel and entered a plea of not guilty. During this initial appearance before the court the following appears in the record:

"Q: Mr. Slaten, you have a right under the laws of the State of Illinois to be represented by an attorney. Do you intend to get an attorney to represent you?

A: No.

Q: You don't intend to retain an attorney?

A: I don't know just yet.

Q: If you desire, the Court will give you a continuance at this time, on the arraignment, to consult with an attorney and we will continue the arraignment until Wednesday morning, or we can go ahead without an attorney. If you can show the Court that you are an indigent person and don't have any funds to employ an attorney, the Court will appoint an attorney to represent you. Do you understand that?

A: Yes.

Q: Do you desire the Court to appoint an attorney or do you desire to have a Court-appointed attorney?

A: I believe I will wait and see if I can get me one.

Q: All right. At this time the Court will ask you how you plead?

A: Not guilty."

Defendant next appeared before the court on February 1, 1967. The following appears in the record:

"THE COURT: Mr. Slaten, are you ready to go to trial this morning?

THE DEFENDANT: Yes, I'm ready.

THE COURT: Do you have a lawyer to represent you?

MR. SHAIKEWITZ: Your Honor, at this time, I would like to represent to the Court and request the Court to permit the law firm of Wiseman, Hallett, Mosel and Shaikewitz to withdraw from this case, and for the grounds therefor, state to the Court that the defendant has failed wholly to consult with me, or with us, as his attorneys, in the defense of his case; that we wrote him in December and asked him to come in our office so that we could discuss his case with him; that approximately last Saturday— about a week ago last Saturday, I asked him to be in our office and he failed to do so. We just have absolutely no defense pre-

pared for him; he made certain promises to pay a fee and he has paid none of this, and I feel that without his consultation—and even forgetting about the fee—it is impossible to properly defend him and I respectfully ask the Court to permit me to withdraw as his attorney.

THE COURT: Do you have anything to say about this, Mr. Slaten?

THE DEFENDANT: I would like to postpone it to get another lawyer.

THE COURT: Well, you have five hundred dollars in cash bond there in the Clerk's office, don't you?

THE DEFENDANT: Yes.

THE COURT: That's your money, isn't it?

THE DEFENDANT: Yes.

THE COURT: It was put up by you for you to post bond, wasn't it?

THE DEFENDANT: Yes.

THE COURT: Why didn't you pay Mr. Shaikewitz the money?

THE DEFENDANT: He wants to withdraw.

THE COURT: I will let him withdraw and you will be here on the 27th day of February, ready for trial. If you don't have a lawyer on the 27th day of February, you will be tried with or without a lawyer. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: You come in here on that morning ready to be tried, do you understand?

DEFENDANT: I understand.

THE COURT: Your bond will be continued for one month. If you are not here that day, I will forfeit your bond. I will tell you, Mr. Petitt, if he wants to plead guilty, I'm not sure I will let him."

On February 28, 1967, defendant, without counsel, again appeared and the following pertinent portions of the record are quoted:

"Let the record show that the defendant, Kenneth Slaten, is present in open court; likewise, present in open court is the State's Attorney of Jersey County, Illinois, Alvin H. Petitt.

Mr. Slaten, it is my understanding that you desire to make a motion at this time to withdraw your plea of not guilty and have leave to enter a plea of guilty to the crime of burglary, is that right?

A: Yes."

\* \* \*

"MR. PETTIT: I will withdraw the charge of theft, Your Honor."
The trial judge again explained the burglary charge and explained the penalty which could be imposed. The court made no inquiry as to why defendant appeared without counsel and no inquiry as to indigency. The only reference to counsel is as follows:

"Court: Do you understand that under the law you are entitled to be represented by counsel of your own choosing as to counsel appointed by the court. Do you understand that?

A: Yes."

The court then ascertained that no promises had been made to defendant, accepted the plea and entered judgment of conviction. The trial judge then told defendant that he had a right to file a Petition for Probation and that he would entertain the petition at the time of the hearing in aggravation and mitigation. He also advised defendant that the petition "* * * has to be in writing and the clerk has one down there for you. Mr. Clerk, let Mr. Slaten fill one out."

On March 2, 1967, defendant appeared, without counsel, (and the record discloses no reference to counsel by the defendant or the court) and hearing on the Petition for Probation and in aggravation and mitigation was held. Defendant was the only witness at this hearing and was questioned by the State's Attorney. He testified that he had no job, that he had worked for Valley Steel in Carlinville, Illinois for "about three months" and that that employment was "about two or three months ago" and that his last employment preceding the Valley Steel job was as a car washer at a garage in Alton, Illinois "* * * last year." He also testified that he had once been convicted of a Dyer Act violation and had been released from prison in 1963.

The thrust of the trial judge's statement to the defendant, made at the hearing on February 1st, was clearly to the effect that since defendant had posted a $500 cash bail bond with clerk no counsel would be appointed. In short if defendant failed to appear with privately retained counsel he would be tried without counsel. This statement to the defendant is in direct contravention of the holding in *People v. Eggers*, 27 Ill.2d 85, 188 N.E.2d 30.

■■ The record discloses that at no time during defendant's three appearances before the court was any inquiry made with a view to ascertaining whether or not defendant was indigent. At the time the plea was taken the court made no inquiry concerning defendant's ability to secure counsel or whether he had made any effort to do so, nor did he inquire whether or not defendant wished to proceed without counsel. It is also apparent from the record that the passing reference to the right to counsel, made at the time this plea was taken on February 28,

1967, may be characterized as the sort of "routine inquiry" proscribed in *People v. Bush*, 32 Ill.2d 484, 207 N.E.2d 446, where the court said with reference to right to counsel "a finding of waiver is not lightly to be made [citations] and the record must show that an accused was offered counsel and that he intelligently and understandingly rejected the offer. [Citations.] In order that the court may be sure that an accused fully understands his right to counsel and intentionally relinquishes that right, something more than a routine inquiry by the court is required." We view this portion of the case as being controlled by *People v. Hessenauer*, 45 Ill.2d 63, 256 N.E.2d 791, where the court held "Because of the critical nature of the arraignment, an accused is entitled to the assistance of counsel *whether or not he requests it*. [Citations.] A finding of waiver will not be made unless it appears from the record that at each critical stage of the proceeding *the trial judge specifically offered, and the accused knowingly and understandingly rejected,* the representation of appointed counsel." These requirements were not met here and we therefore reverse.

■■ The indictment in question charged that "* * * Kenneth Slaten * * * without authority, knowingly entered into a building, 'The American Legion Club' at Grafton, Jersey County, Illinois with intent" etc. Defendant urges that the indictment is deficient since it fails to allege ownership, possession or occupancy. He cites, among other cases, *People v. Miller* which is without precedential authority, having been disposed of by confession of error by the People. We find no merit to defendant's argument as to the insufficiency of the indictment. It meets the standards described in *People v. Viar*, 131 Ill.App.2d 983, 268 N.E.2d 872.

The dismissal of defendant's petition for post-conviction relief was error, and that judgment is reversed. Defendant's conviction is reversed, the sentence is vacated and the cause remanded with directions to permit defendant to plead anew.

Reversed and remanded with directions.

CRAVEN, P. J., and SMITH, J., concur.