THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DAVID MILLER, Defendant-Appellant.

(No. 73-103;

Fifth District—October 9, 1974.

150

G. MORAN, P. J., dissenting.

Robert E. Farrell, of Mt. Vernon, and James R. Streicker, of Chicago, both of State Appellate Defender's Office, for appellant.

Philip C. Quindry, State's Attorney, of Albion, for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

Upon his plea of guilty the defendant, David Miller, was convicted of contributing to the delinquency of a minor child (Ill. Rev. Stat., ch. 23, § 2361(a)). From the judgment of the circuit court of Edwards County, the defendant has brought this appeal.

The defendant was charged by information filed November 16, 1972, which stated:

"That on October 26, 1972, in Edwards County, David Miller committed the offense of Contributing to the Delinquency of a Minor Child in that the said David Miller, a male person over the age of 17 years did knowingly cause Debbie Weisenberger, a female child under the again of 18 years to become a delinquent child, in that he knowingly caused Debbie Weisenberger to be present upon a public street, in the City of Albion, Illinois, after the hour of 11:00 P.M., in violation of Paragraph 2361(a), Chapter 23, Illinois Revised Statutes."

An warrant of arrest was issued, defendant was arrested and bail set at $10,000 on the same date. On the following day, November 17, the defendant was first brought before the court, acknowledged receipt of a copy of the information, the information was read to him and upon being asked if he understood the charge indicated that he did by "nodding his head yes." After further explanation of the charge and without being advised of the possible penalty he was asked: "Do you have any questions about the charges filed against you and the possible penalties?" to which the defendant responded by nodding his head no.

This was followed by the following colloquy:

"By the Court: I have given you a copy of the Information. You are entitled to have a lawyer represent you?

Defendant: No.

By the Court: How much money is in his possession.

Sheriff: $100.00.

By the Court: If you desire to have a lawyer the money you have would have to be expended toward hiring an Attorney, expenses for an Attorney. When expenses for an Attorney went beyond funds you have available it is my obligation to appoint a lawyer to represent you."

No further inquiry was made to determine defendant's indigency. On several subsequent occasions during the course of the proceedings, the court advised the defendant that he was entitled to be represented by a lawyer. However, on only one of those occasions, the first above recited, did the court make an effort to advise the defendant that he had right to *appointed* counsel.

After further proceedings it was determined defendant was 20 years of age and defendant was sentenced to the Illinois State Farm at Vandalia for 1 year and assessed a fine of $40 and costs. Defendant remained incarcerated at the State Farm from November 17, 1972, until May 31, 1973, when he was released on bail pending appeal, by this court.

Among numerous other contentions, the defendant asserts that the court erred in accepting the defendant's guilty plea as the defendant was not represented by counsel and did not knowingly and intelligently waive his right to counsel.

In *Argersinger v. Hamlin* (1972), 407 U.S. 25, 32 L.Ed.2d 530, 92 S.Ct. 2006, the United States Supreme Court held that the sixth amendment to the Constitution of the United States (made applicable to the States through the fourteenth amendment, *Gideon v. Wainwright* (1963), 372 U.S. 335, 9 L.Ed.2d 799, 83 S.Ct. 792) required:

"[T]hat absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial." 407 U.S. at 37, 32 L.Ed.2d at 538.

In the instant case, the defendant was convicted and sentenced to the maximum of 1 year's incarceration without the aid or assistance of counsel. Thus, unless he knowingly and intelligently waived his right to counsel, and to appointed counsel if he was indigent, his conviction and sentence must be reversed. *Argersinger v. Hamlin* (1972), 407 U.S. 25, 32 L.Ed.2d 530, 92 S.Ct. 2006.

■■ :In Illinois, the standard for determining whether a defendant in a

criminal case is entitled to the appointment of counsel is whether the defendant is "indigent". Ill. Rev. Stat., ch. 38, §§ 109—1(b)(2), 113—3(b); Supreme Court Rule 401(a)(3), Ill. Rev. Stat., ch. 110A, § 401(a)(3).

■■■ We are aware of no requirement that a defendant be entirely without funds to be found indigent. Thus, the admonition given by the trial court wherein it was stated and inferred that the defendant must be entirely without funds before counsel would be appointed is error. We must, therefore, conclude that the waiver of right to counsel was not knowingly and intelligently made.

See also *People v. Slaten* (1973), 13 Ill.App.3d 317, 320-321, 300 N.E.2d 46, 49:

> "The record discloses that at no time during defendant's three appearances before the court was any inquiry made with a view to ascertaining whether or not defendant was indigent. At the time the plea was taken the court made no inquiry concerning defendant's ability to secure counsel or whether he had made any effort to do so, nor did he inquire whether or not defendant wished to proceed without counsel. It is also apparent from the record that the passing reference to the right to counsel, made at the time this plea was taken on February 28, 1967, may be characterized as the sort of 'routine inquiry' proscribed in *People v. Bush*, 32 Ill.2d 484, 207 N.E.2d 446, where the court said with reference to right to counsel 'a finding of waiver is not lightly to be made [Citations] and the record must show that an accused was offered counsel and that he intelligently and understandingly rejected the offer. [Citations.] In order that the court may be sure that an accused fully understands his right to counsel and intentionally relinquishes that right, something more than a routine inquiry by the court is required.' We view this portion of the case as being controlled by *People v. Hessenauer*, 45 Ill.2d 63, 256 N.E.2d 791, where the court held 'Because of the critical nature of the arraignment, an accused is entitled to the assistance of counsel *wehther or not he requests it.* [Citations.] A finding of waiver will not be made unless it appears from the record that at each critical stage of the proceeding *the trial judge specifically offered, and the accused knowingly and understandingly rejected,* the representation of appointed counsel.' These requirements were not met here and we therefore reverse."

On this one contention alone this cause must be reversed and remanded with directions to allow defendant to plead anew after a proper hearing on the question of his indigency. However, defendant has raised

a question concerning the excessiveness of the sentence imposed. To establish a factual basis for the plea the 16-year-old girl named in the information was called by the State and testified that she was with the defendant in a car riding around on the streets of Albion after 11 o'clock on the 26th. The court determined there was a factual basis for the plea. At a hearing in aggravation in which defendant was not represented by counsel and obviously under the misapprehension that if he was to be represented he would at least have to pay $100 of an attorney fee, the sheriff testified that defendant "had his problems. He had boys school, Youth Commission, and has had a sentence at Vandalia." No record of conviction was ever presented.

After the sheriff had testified the trial judge said, "Let's hear more testimony about the trip when they went to Florida." Previous to this inquiry by the trial court there had been no reference to any trip to Florida. Testimony was then offered that the girl had on a previous occasion taken a trip to Florida with defendant but there was no showing of any charges resulting from such trip; nor was there any evidence that there was any criminal conduct in connection with such trip. Whether the trip was with other parties or with the consent of parents is not shown.

■■ Based upon this paltry information the trial court saw fit to impose the maximum incarceration of 1 year, impose a fine and costs upon the youthful defendant. To say the action of the trial court on this record was arbitrary and an abuse of discretion is to minimize. The errors are so obvious and the trial court's conduct so lacking in objectivity that we need not cite authorities. Appellant served approximately 6 months of the sentence and we consider a 6 months' sentence on this record qualitatively as unreasonable as 1 year; we would therefore, modify the sentence to time served by the defendant.

As a result of the foregoing we reverse and remand with directions that defendant be allowed to plead anew, with further directions that if defendant elects to not plead anew the sentence be modified by the trial court, to the amount of time served.

Reversed and remanded with directions.

CREBS, J., concurs.

Mr. PRESIDING JUSTICE GEORGE J. MORAN dissenting in part:

In my opinion this case should be reversed outright instead of being remanded to the trial court because the defendant pled guilty to a void information.

The information alleged that the defendant had violated Ill. Rev. Stat.

154

1971, ch. 23, § 2361(a), in that he had knowingly caused Debbie Weisenberger, a female under the age of 18, to be on a public street in the City of Albion, Illinois, after 11 P.M. on October 26, 1972, thereby rendering her a delinquent child.

Section 2360(a) of chapter 23 defines a delinquent child as any child who has violated or attempted to violate any Federal, State or municipal ordinance. The instant indictment fails to allege that Debbie Weisenberger violated or attempted to violate any Federal or State law or municipal ordinance. Instead, it merely alleges that the defendant caused her to remain on a public street after 11 P.M. This allegation is clearly insufficient to demonstrate that Debbie Weisenberger had become a delinquent child since it fails to allege that she violated any Federal or State law or municipal ordinance.

In the case of *People v. Plocar*, 411 Ill. 141, 145, our supreme court said:

"\* \* \* It is not specified by the information in what respect these facts tend to render the child delinquent, as set forth in the statute, nor do they by their plain meaning import a criminal or improper act or motive. The information is not sufficient, since it does not with reasonable certainty describe the crime in the terms of the statute, nor does it set forth sufficient facts to plainly apprise the defendant of the crime charged and of the specific violation of the statute."

Under the language of the information in the present case, Debbie's conduct and that of the defendant could have been wholly innocent. Where the conduct alleged in an indictment may in itself be wholly innocent, it is essential that the unlawfulness of the conduct be averred either by express allegations or by the use of terms, or the statement of facts, which clearly imply such unlawfulness. (41 Am.Jur.2d *Indictments and Informations* §§ 111 and 113 (1968). See also *People v. Stewart*, 3 Ill.App.3d 699, 279 N.E.2d 53.) If the facts alleged may all be true and yet constitute no offense, the indictment is insufficient. (*People v. Barnes*, 314 Ill. 140, 145 N.E. 391.) In the absence of an accusation charging defendant with a violation of the criminal law, the indictment is void on its face, the trial court has no jurisdiction or authority to convict, and the defendant cannot by waiver or consent confer such jurisdiction or authority. *People v. Fore*, 384 Ill. 455, 51 N.E.2d 548; *People v. Minto*, 318 Ill. 293, 149 N.E. 241.

For the foregoing reasons, I would reverse this conviction outright.