THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DARRELL GLEN MELVIN, Defendant-Appellant.

(No. 74-322;

Fifth District—May 28, 1975.

Stephen P. Hurley and John Reid, both of State Appellate Defender's Office, of Mount Vernon, for appellant.

Loren P. Lewis, State's Attorney, of Benton (Bruce D. Irish and Raymond F. Buckley, Jr., both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal by the defendant, Darrell Glen Melvin, from a judgment of conviction entered by the circuit court of Franklin County on the defendant's negotiated plea of guilty to one count of felony theft and the imposition of a sentence of 1 to 3 years' imprisonment.

On appeal the defendant contends, among other things, that the trial court "did not advise the defendant of, nor determine that he understood that he was entitled to appointed counsel; neither did the defendant knowingly and intelligently waive his right to appointed counsel."

Supreme Court Rule 401 (Ill. Rev. Stat. 1973, ch. 110A, par. 401) provides, in part, that:

"(a)  *  *  *  The court shall not permit a waiver of counsel by a person accused of a crime punishable by imprisonment in the penitentiary without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:

*  *  *

(3) that he has a right to counsel and, if he is indigent, to have counsel appointed for him by the court.

*  *  *

(c) Transcript Required. The proceedings required by this rule to be in open court shall be taken verbatim, transcribed, filed, and made a part of the common-law record."

Relative to the defendant's purported waiver of counsel the record shows the following sequence of events. On May 29, 1974, an information was filed against the defendant charging him with two counts of felony theft. The "Record Sheet" contains the following entry for June 3, 1974,

"Defendant brought into Court and advised of all his Constitutional rights, including right to counsel. Defendant states he desires to plead guilty. The Court advises him to confer with the State's Attorney."

No transcript of the foregoing proceeding appears in the record and, apparently, none is available. Later the same day, June 3, 1974, the defendant, without counsel, appeared before the trial court with the State's attorney. The State's attorney announced a negotiated plea agreement whereby the State would agree to dismiss count two of the information, not to file any additional charges against the defendant for theft of copper on May 29, 1974, and to recommend a sentence of 1 to 3 years' imprisonment; and the defendant would enter a plea of guilty to count one of the information and would agree to waive his right to a trial by jury, "his right to counsel, to preliminary examination and to a grand jury, his right to a pre-sentence investigation and pre-sentence hearing  *  *  *." The defendant stated that this was his understanding of the negotiated agreement. The trial court then advised the defendant of the possible penalties which could be assessed for each of the counts charged in the information. After the defendant replied "Yes, sir" to the trial court's admonitions concerning the possible penalties, the trial court stated,

"This court is willing to follow your plea agreement. Whatever bargain you and the State's Attorney have agreed to, and he has recited here to the court, and that will be satisfactory here to this court if you enter a plea of guilty. I need to know now is that satisfactory to you? You will have to talk so she can get it in writing." The defendant replied, "Yes, sir." Then the trial court stated, "All right now. I need to tell you some additional Constitutional rights of yours. * * *" The trial court then proceeded to admonish the defendant with respect to, (1) his right to be prosecuted by indictment, (2) his right to a trial by jury, (3) his right to remain silent, (4) his right to a bench trial, (5) the presumption of innocence, (6) his right to call witnesses and cross-examine the State's witnesses, and (7) the requirement that he "be proved guilty beyond a reasonable doubt." The defendant agreed to waive each of these rights. The defendant also agreed to waive his right to a presentence hearing. The following colloquy then occurred,

"THE COURT: Do you think of anything else I should advise him of?

MR. LEWIS: I am not sure, Your Honor. I wasn't here this morning. I think you probably went through his right for counsel.

THE COURT: Yes, but let's do that again. You have a right to have an attorney to represent you, an attorney of your own choosing; and you waive that right which you are doing here now?

DEFENDANT: Yes.

THE COURT: Is that agreeable to you to waive your right to an attorney?

DEFENDANT: Yes.

THE COURT: And this is satisfactory to you?

DEFENDANT: Yes."

After the State's attorney presented a factual basis for the plea, he read aloud the plea of guilty form, to which the defendant entered his written plea of guilty. The State's attorney moved to dismiss count two of the information. The trial court agreed to accept the plea bargain, dismissed count two of the information, sentenced the defendant to 1 to 3 years' imprisonment, and advised the defendant of his right to appeal.

■■ There can be no question but that the defendant in the instant case was entitled to the assistance of appointed counsel if he was "indigent." (*People v. Miller*, 23 Ill.App.3d 149, 318 N.E.2d 739; see *Argersinger v. Hamlin*, 407 U.S. 25, 32 L.Ed.2d 530, 92 S.Ct. 2006; *Gideon v. Wainwright*, 372 U.S. 335, 9 L.Ed.2d 799, 83 S.Ct. 792.) While this right may be waived (*People v. Robinson*, 27 Ill.2d 289, 189 N.E.2d 243; *People v. Kenzik*, 22 Ill.2d 567, 177 N.E.2d 162; *People v. Gillen*, 20 Ill.App.3d

134, 312 N.E.2d 644), a finding of waiver is not lightly to be made (*Moore v. Michigan*, 355 U.S. 155, 2 L.Ed.2d 167, 78 S.Ct. 191; *People v. Blanchard*, 37 Ill.2d 69, 224 N.E.2d 813; *People v. Lindsey*, 17 Ill.App. 3d 137, 308 N.E.2d 111) and the record must show that an accused was offered counsel and that he intelligently and understandingly rejected the offer (*Carnley v. Cochran*, 369 U.S. 506, 8 L.Ed.2d 70, 82 S.Ct. 884; *Johnson v. Zerbst*, 304 U.S. 458, 82 L.Ed. 1461, 58 S.Ct. 1019). And, while the constitution does not force a lawyer upon an accused (*Moore v. Michigan*, 355 U.S. 155, 2 L.Ed.2d 167, 78 S.Ct. 191; *Adams v. United States ex rel. McCann*, 317 U.S. 269, 87 L.Ed. 268, 63 S.Ct. 236), in order to make certain that such accused fully understands his right to counsel and intelligently relinquishes that right, something more than a routine inquiry by the court is required. (*Von Moltke v. Gilles*, 332 U.S. 708, 92 L.Ed. 309, 68 S.Ct. 316; *People v. Bush*, 32 Ill.2d 484, 207 N.E.2d 446; *People v. Slaten*, 13 Ill.App.3d 317, 300 N.E.2d 46.) As stated by our supreme court in *People v. Hessenauer*, 45 Ill.2d 63, 68, 256 N.E.2d 791, 794;

> "A finding of waiver will not be made unless it appears from the record that at each critical stage of the proceeding the trial judge specifically offered, and the accused knowingly and understandingly rejected, the representation of appointed counsel. *People v. Bush*, 32 Ill.2d 484, 487-488; *Tobin v. United States* (7th cir., 1968), 402 F.2d 307; *Rini v. Katzenbach* (7th cir., 1968), 403 F.2d 697; see also, Supreme Court Rule 401, Ill. Rev. Stat. 1967, ch. 110A, par. 401."

A routine inquiry whether an accused wants an attorney, without specifically advising such accused that if he were indigent and desired to be represented by an attorney, one would be provided for him, is insufficient. (*People v. Slaten*, 13 Ill.App.3d 317, 300 N.E.2d 46; *People v. Schrodt*, 8 Ill.App.3d 660, 289 N.E.2d 652.) Here the record discloses nothing from which it can be determined if defendant was indigent, nor does it disclose that he was ever advised that, if indigent, an attorney would be furnished at no cost to him.

■■ It is our conclusion that after applying the foregoing authorities to the admonishment and advice disclosed by the record, the trial court did not comply with the mandates of Supreme Court Rule 401 (Ill. Rev. Stat. 1973, ch. 110A, par. 401). In particular, we reject the State's argument that the notation in the common-law record, "Defendant brought into Court and advised of all his Constitutional rights, including right to counsel," is sufficient to satisfy the mandates of Rule 401, which requires that the defendant be specifically advised of his right to appointed counsel (see

*People v. Schrodt*, 8 Ill.App.3d 660, 289 N.E.2d 652) and that such proceeding be transcribed (see *People v. Lyons*, 19 Ill.App.3d 294, 311 N.E. 2d 370).

We therefore reverse defendant's conviction and remand the case to the trial court with directions defendant be permitted to withdraw his plea of guilty and plead anew.

Reversed and remanded.

KARNS and G. MORAN, JJ., concur.