12

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EDWARD CLARENCE BURKE, Defendant-Appellant.

(No. 74-381; )

Fifth District—May 29, 1975.

Stephen P. Hurley and Michael J. Rosborough, both of State Appellate Defender's Office, of Mount Vernon, for appellant.

James W. Leaton, State's Attorney, of Jonesboro, (Bruce D. Irish and Robert J. Anderson, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE JONES delivered the opinion of the court:

This is an appeal from a plea of guilty to robbery made by the defendant, Edward Clarence Burke, at arraignment proceedings on August 15, 1974. The defendant had been charged in a five-count information filed on

that same day with armed robbery, felony theft, unlawful use of weapons, fleeing or attempting to elude a police officer, and robbery. All of the offenses charged in the information were alleged to have also occurred on that same day.

At the arraignment the defendant waived his right to counsel and his right to grand jury indictment. Pursuant to negotiations with the prosecuting attorney the defendant pled guilty to the robbery charge and the remaining four counts were dismissed. Also pursuant to the negotiations, a sentence of 3 to 9 years was recommended by the prosecuting attorney; such sentence was thereafter imposed by the court.

Before accepting the plea the trial court, in accordance with Supreme Court Rule 402 (Ill. Rev. Stat., ch. 110A, par. 402), admonished the defendant, determined the plea to be voluntary and that a factual basis for the plea existed.

On this appeal the defendant raises the following issues: (1) whether the defendant was informed of and made a knowing and understanding waiver of his right to counsel, (2) whether the defendant made a knowing and understanding waiver of his right to grand jury indictment; (3) whether the record as a whole shows that the plea was voluntary; (4) whether the cause should be remanded for resentencing because the defendant was not advised of and did not waive his right to a presentence report and a sentence hearing or because the record contains no information to support imposition of a more than minimum sentence; and (5) whether this court should issue certain specific instructions to the trial court. Because we feel this case requires reversal on the first issue above, we do not find it necessary to discuss the other issue raised.

■■■ It is well established that arraignment is a "critical stage" in a felony case and that the defendant automatically has a right to counsel before any plea is made or accepted. (*People v. Hessenauer,* 45 Ill.2d 63, 256 N.E.2d 791; *People v. Slaten,* 13 Ill.App.3d 317, 300 N.E.2d 46.) A defendant cannot be permitted to waive his right to counsel without having first been personally addressed in open court and informed of his right to counsel and of his right to have counsel appointed if he is indigent. (Supreme Court Rule 401(a)(3), Ill. Rev. Stat. 1973, ch. 110A, par. 401 (a)(3).) And a finding of waiver of right to counsel cannot be made by this court unless it appears from the record that at each critical stage of the proceeding the trial judge specifically offered, and the defendant knowingly and understandingly rejected, the representation by appointed counsel. *People v. Hessenauer; People v. Slaten; People v. Schrodt,* 8 Ill. App.3d 660, 289 N.E.2d 652.

In the instant case two references were made to the right to have counsel during the arraignment. The first was as follows:

14

"Court: * * * Now, you have another right. You have the right to an attorney. Do you have an attorney?

Defendant: No, sir.

Court: Are you able to provide yourself with an attorney?

Defendant: No, sir.

Court: Well, if you are not *before we can ever let you go to trial*, Mr. Burke, we will have to provide you with an attorney if you can't get one for yourself. Why can't you get an attorney for yourself?

Defendant: I don't have the money. I don't live in the state and right now I can't get in touch with my sister.

Court: Can your sister help you get an attorney? I am sure the sheriff would let you get in contact with your sister if you think she can help provide you with an attorney.

Defendant: I don't have my sister's telephone number or her address. I know she lives on the south side of Chicago.

Court: What is your sister's name?

Defendant: Jane Anderson." (Emphasis added.)

The court then proceeded to discuss other rights of the defendant and later during the arraignment made the second reference to the right to counsel, as follows:

"Court: You know that if you pled guilty to that, you will be sentenced to a sentence of three to nine years with the Department of Corrections, do you understand that?

Defendant: Yes, sir.

Court: With that understanding, you are still willing to waive your right to be indicted, waive your right to a preliminary hearing, waive your right to be represented by counsel, all of that, you still want to do all of that?

Defendant: Yes, sir.

Court: And plead guilty to this charge of robbery?

Defendant: Yes, sir."

From the statement of the trial court emphasized above it is apparent that the defendant may have understood that the right to counsel only applied should defendant go to trial. There was no clear indication of a specific offer of counsel for the arraignment itself.

Furthermore, there is no clear indication that the defendant was informed of his right to have counsel appointed without cost to himself if he were indigent. The statements by the trial court seem to indicate that it was incumbent upon the defendant to either provide himself with an attorney or to locate his sister so that she might obtain an attorney for him.

██ Under these circumstances, we cannot say that the defendant made a knowing and understanding waiver of his right to counsel or of his right to have counsel appointed if he were indigent. As in *Hessenauer*, accepting the defendant's guilty plea was error requiring reversal with directions to set aside the judgment of conviction and for further proceedings consistent with the views expressed herein.

Reversed and remanded, with directions.

EBERSPACHER and CARTER, JJ., concur.