THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
RUSSELL BRYANT, Defendant-Appellant.

Fifth District    No. 75-492

Opinion filed January 25, 1977.

Stephen P. Hurley and Randy E. Blue, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Loren P. Lewis, State's Attorney, of Benton (Bruce D. Irish and Roger R. Kasny, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

The defendant, Russell Bryant, pursuant to negotiations, pleaded guilty to the offenses of burglary, theft (over $150), and two counts of official misconduct, in the circuit court of Franklin County. A sentencing hearing was conducted on July 28, 1975, wherein the court sentenced defendant to prison terms of three to ten years for burglary, one to three years for theft, and one to three years and one to two years on each count of official misconduct. All of the sentences were imposed consecutively except the burglary and latter official misconduct sentences which were to be concurrent. At the time of sentencing the trial court fully complied with Supreme Court Rule 605(b) (Ill. Rev. Stat. 1975, ch. 110A, par. 605(b)).

On August 6, 1975, defendant filed a "consolidated motion to reduce sentences." The motion was argued and denied on August 25, 1975. From denial, defendant appeals.

Supreme Court Rule 604(d) (Ill. Rev. Stat. 1975, ch. 110A, par. 604(d)) provides that before a defendant may file a notice of appeal from a judgment entered on his plea of guilty, he must file a motion in the trial court to vacate the judgment and withdraw his plea. In conjunction with this rule, Supreme Court Rule 605 was amended to additionally provide that on imposition of sentence the defendant shall be advised of the requirements of Supreme Court Rule 604(d).

In the case at bar the trial court did comply with Supreme Court Rule 605(b) by informing defendant that prior to his taking an appeal from his pleas of guilty and within 30 days of the date of sentencing, he must file a motion to vacate judgment and ask leave to withdraw his guilty pleas. Defendant, however, failed to file such a motion.

■■ The State has therefore filed a motion in this court, which we have taken with the case, to dismiss the appeal for defendant's failure to file a 604(d) motion. In response thereto defendant argues that since the only issues raised on appeal concern the length of his sentences, a 604(d) motion need not have been filed. He also argues that since the sentences imposed were not part of the negotiated agreement, any issue raised concerning the sentences has no relation to his guilty pleas. The gist of defendant's contention is that Rule 604(d) applies only to challenges to the

plea proceedings and thus a failure to comply with that Rule cannot bar a challenge to the sentence imposed. We disagree. The Rule states in material part:

> "No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to withdraw his plea of guilty and vacate the judgment."

We find that the language of this Rule permits no distinction to be drawn between assignments of error concerning the plea proceedings or the sentence imposed. Rather, this Rule is clearly designed to broadly encompass all allegations of error and to force defendants to raise these issues in the trial court by way of timely 604(d) motion or accept "no appeal" on the claimed errors. To preserve an issue concerning the sentence imposed on a plea of guilty, a defendant must raise that issue in a 604(d) motion. (See *People v. Samuels*, 42 Ill. App. 3d 642, 356 N.E.2d 563.) That the sentences imposed on defendant were not a part of the negotiated agreement, is of no consequence since Rule 604(d) applies even to nonnegotiated pleas of guilty.

■■ We note that in *People v. Ryant*, 41 Ill. App. 3d 273, 354 N.E.2d 395, we held that the defendant's failure to file a 604(d) motion had not waived the errors raised on appeal. However, in that case we so held because the trial court there, unlike the case at bar, had failed to comply with Rule 605(b) and the defendant had been without counsel and thus had no way of knowing that a timely motion needed to be filed. *Ryant* therefore was based on Rule 605(b).

■■ Defendant also contends that his motion to reduce sentence complied with the spirit and purpose of Rule 604(d). However, this motion filed by defendant is devoid of any language asking the trial court to withdraw his pleas of guilty. The motion specifically asked the court to reduce the sentences imposed, pursuant to section 5—8—1(d) of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—1(d)), to sentences of probation. It was clearly the intent of defendant not to withdraw the pleas of guilty but to ask the court to reconsider its previous sentences.

■■ By negotiating and entering into a negotiated plea of guilt the defendant agreed that in consideration for the State dismissing certain other criminal charges he would (1) enter a plea of guilt to the remaining criminal charges and (2) accept whatever punishment the court might see fit to impose. In other words, for the State's dismissing the other criminal charges he agreed to two things, and now seeks to be released from the latter, leaving only the former stand as consideration for the State's dismissals. Obviously by failing to negotiate a recommended sentence or a particular sentence or sentences both the State and defendant intended

the bargain to include defendant accepting whatever sentence, including probation, that the trial court had power to, and would see fit to, impose, and the State likewise accepting any such sentence imposed. The State, of course, is bound by the agreement and would remain so bound as to its part of the agreement were defendant allowed to appeal only from the sentence without moving to withdraw his plea, which would result in the People receiving less than they had bargained. Since the People are bound by all the bargains made, we see no reason why defendant should not be bound to all the bargains. We would not tolerate the State prosecuting defendant on one of the charges which it had agreed to dismiss without defendant being released from his bargain to plead guilty and accept the sentences imposed. Likewise, we will not allow defendant to breach a part of his agreement without the entire agreement being set aside.

We do not consider the factual situation here presented as a proper one for this court to carve out an exception to Supreme Court Rule 604(d).

Accordingly, for failure to comply with Supreme Court Rule 604(d), the appeal is dismissed.

Appeal dismissed.

JONES, J., concurs.

Mr. JUSTICE GEORGE J. MORAN, dissenting:

I do not believe that Rule 604(d) applies to a defendant who merely wishes to question the excessiveness of his sentence. In my opinion, Rule 604(d) was promulgated in response to the increasing number of appeals from guilty pleas and was designed to compel a defendant to initiate his objections to Rule 402 admonitions in the trial court where errors can be quickly cured. This rationale is of course not applicable to an allegedly excessive sentence.

Where, as in this case, a defendant knows he is guilty, admits he is guilty, enters a plea of guilty and receives what he considers an excessive sentence, I regard it illogical that he must then file a motion to vacate that plea. If he files a motion to vacate the plea and it is subsequently allowed, must he then stand trial even though he knows and admits he is guilty? If the trial judge sets aside his plea and he again pleads guilty, must he file another motion to withdraw his plea if he receives another excessive sentence?

If the sentence which is the only ground for error is technically correct although disproportionate to the offense, defendant could not possibly be successful in his motion to withdraw his plea and vacate judgment for such is not a recognized ground for reversal. If the trial court explicitly

432

complies with all aspects of Rule 402 and no such procedural deficiencies exist, the majority's interpretation requires an act not legally authorized when no grounds exist for the withdrawal of the plea.

I further disagree with the majority's concept of consideration given by defendant for the State's dismissal of certain other charges. It is true that defendant agrees to plead guilty for these dismissals, but he does not agree to "accept *whatever* punishment the court might see fit to impose." (Emphasis added.) Rather, he agrees to accept a rational form of punishment reasonably related to the seriousness of the crime he has admittedly committed and to his rehabilitative potential. This expectation is mandated by article I, section 11, of the 1970 Constitution of Illinois.

Under the rationale of the majority, the State is shortchanged in the plea negotiation process when a defendant successfully challenges a sentence imposed on a plea of guilty. I believe such a position is particularly misplaced in a case such as this where there existed no agreement for the recommendation of a sentence to the court. While a prosecutor must of necessity occupy in part the position of an adversary, his ultimate duty is to seek justice on behalf of the people. Yet justice is not served when an excessive sentence is given. Thus, I fail to see how our consideration of an allegedly excessive sentence deprives the prosecution of its bargain. Certainly the pursuit of justice would not abide a disproportionate sentence.

I dissent.